[Civ. No. 58817. Second Dist., Div. Four. Apr. 4, 1980.]

NORMA JEAN SCHULTZ, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
FORD MOTOR COMPANY et al., Real Parties in Interest.

COUNSEL

Stockdale, Peckham, Estes, Lawler & Iriollo, James T. Catlow and Gordon G. Phillips for Petitioner.

No appearance for Respondent.

McCutchen, Black, Verleger & Shea, Max K. Jamison, Bill E. Schroeder, Jonathan M. Gordon, Kilpatrick, Clayton, Meyer & Madden, Philip M. Madden, Martin & Stamp and Steven M. Martin for Real Parties in Interest.

Cummins, White, Robinson & Robinson and Mark P. Robinson as Amici Curiae.

OPINION

McCLOSKY, J.*—This petition was filed March 13, 1980, requesting this court to issue a writ of mandate to compel the superior court in Los Angeles Superior Court case No. SWC 29079 to give a particular instruction on the burden of proof on the issue of whether or not the settlement entered into between defendant Norma Jean Schultz and plaintiff Frank A. Fisher was in good faith within the meaning of Code of Civil Procedure section 877, subdivision (b), and *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899].

At the time this petition was filed there were then pending two other petitions for writs arising out of the same superior court case No. SWC 29079. These were, respectively, *Fisher* v. *Superior Court* and *Schultz* v. *Superior Court* (1980) 103 Cal.App.3d 434 [163 Cal.Rptr. 47]. We

*Assigned by the Chairperson of the Judicial Council.

filed our opinion in those cases on March 14, 1980, which opinion we modified on March 31, 1980.

Ford Motor Company, real party in interest, having filed opposition to the March 13 petition, and the matter having been argued orally by all parties at a special expedited hearing held on March 31, 1980, and it having been stipulated by all parties that this matter be submitted on that argument and the papers on file, we now proceed to decide it.

■ In our opinion as modified in 2 civil No. 58497 and 2 civil No. 58498 we held that:

"Upon the trial of the 'good faith' settlement issue, the burden of proving that there has been a settlement is on the settlor who asserts that settlement as a bar to all claims for contribution or comparative (equitable) indemnity by any other tortfeasor. . . . Once there is a showing made by the settlor of a settlement. . . the burden of proof on the issue of 'good faith' shifts to the nonsettling tortfeasor who asserts the claim that the settlement was not made in good faith."

In a preliminary opposition in the case at bench, filed March 28, 1980, real party in interest Ford Motor Company refers to our opinion in 2 civil No. 58497 and 2 civil No. 58498, and states: "In that opinion this Court discussed the issue of the burden of proof, although the issue had not been raised by any of the parties in connection with the proceedings." In any event, that issue was a major concern in the underlying action (SWC 29079), and by her petition herein petitioner Norma Jean Schultz asks this court, among other things, to command the trial court to properly instruct the jury that, regarding the burden of proof on the issue of good faith, the burden is on that party who asserts that the settlement is not in good faith, i.e., on the party who is trying to negative the statutory bar of Code of Civil Procedure section 877, subdivision (b).

The opinion filed March 14, 1980, as modified March 31, 1980, expresses our views as to the law governing the burden of proof, and the instruction which should be given if the good faith issue should be tried before a jury,[1] and the reasons for so holding.

---

[1]The parties have not raised any issue as to whether the parties are entitled to a jury trial on the issue of determining the "good faith" of the settlors, and we therefore express no opinion on that subject.

Let a writ of mandate issue directing the respondent court in any further trial on the issue of good faith before a jury to instruct the jury on the burden of proof consistent with the law as set forth in the modified opinion entitled *Fisher* v. *Superior Court* and in *Schultz* v. *Superior Court, supra.*

Files, P. J., and Kingsley, J., concurred.